

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Conard Florence
County Attorney
Upshur County
Gilmer, Texas

Dear Sir:

Opinion No. 0-6737

Re: Whether under the facts stated
the Commissioners' Court or the
County would be liable for money
collected by the Justice of the
Peace in forfeiture of cash bond
after it had been turned in to the
County Treasurer.

The material paragraphs from your letter of July 24, requesting an opinion of this department, are as follows:

"The Justice of the Peace of Precinct Number One,
in and for Upshur County, Texas, on the 11th day of
March, 1945, took from five defendants a cash bond in
lieu of a bail bond, and at that time set said cases
for trial and notified each of the defendants when said
cases would be tried. After passing the cases for several
times and resetting same for the 17th day of April, 1945,
at which time none of the defendants nor their attorney
appeared in Court, and after failing to appear the last
time said cases were set down for trial, the Justice of
the Peace declared a forfeiture of each of the cash
bonds amounting to a total of $72.50, and he did then
deliver such sum of money to the County Treasurer of
Upshur County, Texas, and said County Treasurer did
place said sum of money in the Road and Bridge Fund of
Upshur County, Texas. The Commissioners who compose
the Commissioners Court of Upshur County, Texas, have
been requested by an attorney, who is supposed to be
representing the respective defendants in each of the
cases, to pay him, the attorney, the amount of $72.50.
Said attorney has not filed a written request with the
Commissioners Court for the payment of such sum of
money to him, nor have any of the respective defendants
requested or filed a written request with the Commis-
sioners Court of Upshur County, Texas, for a refund of
their money.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Is the Commissioners Court of Upshur County, Texas, liable for the $72.50 individually, or in their official capacity, by reason of the acts of the Justice of the Peace in placing in the County Treasury of Upshur County, Texas, the said sum of $72.50?  Or would Upshur County be liable?"

Under the facts stated, we do not perceive any theory, and none has been advanced, upon which recovery may be had against either the County or the County Commissioners.

APPROVED AUG 3 1945

_(Acting) ATTORNEY GENERAL OF T___

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King
Assistant

WJRK/JCP

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN